UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO MITCHELL, | ) | CASE NO. 4:23-CV-2455 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| MAHONING COUNTY JUSTICE CENTER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Antonio Mitchell filed this action against the Mahoning County Justice Center, and "County Commissioners" (ECF No. 1, PageID #2–3) contesting conditions of confinement in the Mahoning County jail. (*Id*. at PageID #12–13). He asserts claims for cruel and unusual punishment under 42 U.S.C. § 1983. (*Id*. at PageID #14). He does not specify the relief he seeks in his complaint, but on the Civil Cover Sheet filed with his complaint, he indicates he is seeking $3,000,000.00 in damages. *Id*.

## II. BACKGROUND

Plaintiff indicates he is a convicted prisoner currently being held in the Mahoning County Justice Center since September 1, 2023. (ECF No. 1, PageID #5). He does not specify whether he is a state or federal prisoner. He alleges that the cells are too small to hold two inmates. (*Id*. at PageID #12). He states, "[a] federal indictment in 2003 (CS-4:03 CV 2329) the jail was to remove

1

double bunks and remain a[n] open dorm."[1]  *Id*.  He claims the jail is overcrowded.  *Id*.  He states inmates are locked in cells over 8 hours per day.  *Id*.  He contends inmates are given a bland diet that does not meet dietary requirements.  *Id*.  They receive one spoonful of applesauce.  (*Id*. at PageID #12–13).  He alleges they are not provided apples, oranges, or fish.  (*Id*. at PageID #13).

### III.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-

---

[1] This reference appears to be to a Consent Judgment Entry filed in *Roberts et al v. County of Mahoning, Ohio, A Local Government Entity et al*, Case No. 4:03cv2329 (N.D. Ohio, filed Nov. 14, 2003)(Dowd, J.), a civil rights action filed by eight detainees located in Mahoning County Jail.  On May 17, 2007, a three-judge panel entered a Consent Judgment Entry "with a stipulated population order and retained jurisdiction over the Consent Entry for three years."  *Id*. (Batchelder, Dowd, Polster).  The Panel's jurisdiction expired on May 17, 2010 by the terms of the Consent Entry.  *Id*. A stipulated motion to extend the Consent Entry was denied on May 18, 2010.  *Id*.

Case: 4:23-cv-02455-CEF Doc #: 5 Filed: 03/15/24 3 of 4. PageID #: 35

unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleadings in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## IV. DISCUSSION

Plaintiff has not identified a Defendant against whom these claims can be asserted. A county jail is not *sui juris*, meaning it is not a legal entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Gerald v. Akron Bar Assn.*, No. 5: 18 CV 414, 2018 WL 2985142, at *2, (N.D. Ohio June 14, 2018) (finding the Summit County jail is not *sui juris* and therefore lacks the capacity to be sued); *Jackson v. Mowry*, No. 1:12 CV 3083, 2013 WL 526916, at *3 (N.D. Ohio Feb. 11, 2013); *Boggs v. Miami Cty. Jail*, No. 3:11CV00122, 2011 WL 3813079, at *2 (S.D. Ohio Aug. 9, 2011) (a county jail "is merely an administrative vehicle" by which a county operates and therefore "lacks the capacity to be sued"). Therefore, Plaintiff's claims against the Mahoning County Justice Center fail as a matter of law.

In addition, Plaintiff fails to allege any facts that pertain to the Mahoning County Commissioners. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was directly involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). The complaint contains no facts which associate the Mahoning County Commissioners to any of the Plaintiff's claims.

3

## V. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: March 15, 2024

*Charles Fleming*

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

4